■ PETER C., Appellant, and REA C., Intervenor-Respondent, v LISA F., Defendant. [990 NYS2d 168]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 8, 2013, which, to the extent appealed from, granted proposed intervenor's motion to intervene in the breach of contract action, unanimously reversed, on the law, without costs, and the motion denied.

Proposed intervenor (respondent), plaintiff's ex-wife, seeks to intervene in this breach-of-contract action, alleging that plaintiff and his sister (defendant) fraudulently concealed plaintiff's ownership interest in a lucrative, closely-held corporation during plaintiff and respondent's divorce. Plaintiff commenced the divorce action against respondent in 2003. While those proceedings were ongoing, plaintiff and defendant's ailing mother excised plaintiff from her will and made defendant the sole beneficiary, ostensibly because she sought to ensure that respondent not gain access to her assets through the divorce. Plaintiff and defendant subsequently testified before the matrimonial court that plaintiff held no ownership interest in the company, and the court entered a judgment of divorce in 2008 which excluded those assets from equitable distribution.

In the instant action, plaintiff alleges the existence and breach of an oral contract—entered into during the pendency of the divorce action—in which defendant allegedly agreed to transfer 50% of the company's shares to plaintiff following his divorce. Respondent's motion to intervene alleges that plaintiff's complaint constitutes an admission that he and defendant perpetrated a fraud on the matrimonial court by falsely testifying, under oath, that plaintiff held no ownership interest in the company despite the existence of his oral agreement with defendant. Defendant denies the existence of the oral agreement and does not oppose respondent's motion to intervene.

Although respondent's allegations shed light on a possible fraud on the matrimonial court, "[t]he remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015 [a] [3]), and not by another plenary action collaterally attacking that judgment" (*Matter of New York Diet Drug Litig.*, 47 AD3d 586, 586 [1st Dept 2008] [internal quotation marks omitted]). Respondent's motion to intervene essentially seeks to collaterally attack the divorce decree and, accordingly, the matrimonial court is the proper forum in which to address respondent's motion to vacate or modify that judgment on the

basis of fraud or newly discovered evidence (*id.*; CPLR 5015 [a] [2], [3]). Likewise, the related causes of action raised in her proposed complaint arise from the alleged fraud in the divorce action and do not merit intervention.

Therefore, notwithstanding that the proposed pleading and the main action involve at least one common question of law or fact (*see* CPLR 1013), namely whether plaintiff and defendant entered into an oral contract that would have given plaintiff an ownership interest in the corporation at the time of the divorce, respondent should not be permitted to intervene in this action.

Because we are reversing the grant of the motion to intervene, we do not reach the parties' remaining arguments. Concur— Tom, J.P., Acosta, Saxe, DeGrasse and Freedman, JJ.